IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH CHRONLEY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:21-cv-01071 |
| | § | JURY DEMANDED |
| TJX COMPANIES, INC. | § | |
| D/B/A MARSHALLS | § | |

## DEFENDANT MARMAXX OPERATING CORP.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Marmaxx Operating Corp. incorrectly named as TJX Companies, Inc. d/b/a Marshalls, files its notice of removal of this civil action to the United States District Court for the Western District of Texas, San Antonio Division. In support of this Notice of Removal, Defendant respectfully shows as follows:

1.      On July 1, 2021, Plaintiff filed her Original Petition in Cause No. 2021CI13264; *Deborah Chronley v. TJX Companies, Inc. d/b/a Marshalls*, in the 288th Judicial District Court of Bexar County, Texas.      Plaintiff's return of service indicates that citation was served on the incorrectly named Defendant, TJX Companies, Inc. d/b/a Marshalls by serving the Texas Secretary of State on July 21, 2021. *See* Exhibit A, an index of documents filed in the state court proceeding. However, Defendant's registered agent, CT Corporation, never received the summons or Petition, and thus Defendant has not been served with process. Rather, via other means, Defendant received the Plaintiff's Petition on October 6, 2021. As such, the start of the 30 day period under 28 U.S.C. §1446(b)(1) did not begin until October 6, 2021. *See Anderson v. State Farm Mut. Auto. Ins. Co.,* 917 F.3d 1126 (9th Cir. 2019). ("We ... hold that the thirty-day removal clock under 28 U.S.C. §

1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when [Defendant] actually received [Plaintiff's] complaint"); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018) ("[W]e now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)."); see also *Graham v. El Paso County*, EP-21-CV-00066-FM, 2021 WL 2792424, W.D.Tex, May 3, 2021 (quoting *Anderson* opinion). This Notice of Removal is filed within the 30 day period after Defendant's receipt of the Plaintiff's Petition, and therefore, Defendant's notice of removal is timely under 28 U.S.C. § 1446(b).

2.      True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference. *See* Exhibit A.   Attached as Exhibit B is a list of all counsel of record.

3.      Defendant would show that this case is removable under 28 U.S.C. § 1441, and the Court has jurisdiction over this matter, because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See* 28 U.S.C. §§ 1332 and 1441.

4.      There is complete diversity between the parties.  At the time of the filing of this action, and at the time of removal, Plaintiff was and is a citizen of the State of Texas.  Defendant Marmaxx Operating Corp., the entity that owns and operates the store where the incident occurred, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 770 Cochituate Rd., Framingham, MA 01701.

5.      The matter or amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interest and costs.  In her Original Petition, Plaintiff seeks damages "over $200,000.00 but not more than $1,000,000.00."  *See* Section VI in Plaintiff's Original Petition, attached as part of Exhibit A.

6.      In her live Petition, Plaintiff claims she suffered serious bodily injuries as a result of Defendant's alleged negligence.  *See* Section IV in Plaintiff's Original Petition, attached as part of Exhibit A.  Plaintiff further alleges damages including: physical pain in the past and future; mental anguish in the past and future; medical and healthcare expenses in the past and future; physical impairment and disfigurement, in the past and future.  *See* Section VI of Plaintiff's Original Petition, attached as part of Exhibit A.

7.      This Notice of Removal will be provided to Plaintiff by service of a copy upon her counsel of record, in accordance with 28 U.S.C. §1446(d).  Further, a copy of this Notice of Removal will be filed with the District Clerk of Bexar County, in accordance with 28 U.S.C. §1446(d).

8.      Therefore, Defendant Marmaxx Operating Corp. prays that this cause be removed from the 288th Judicial District Court of Bexar County, Texas, to this Court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

HARTLINE BARGER LLP

 */s/ Marshall G. Rosenberg*
Marshall G. Rosenberg
State Bar No. 12771450
Federal Bar No. 14933
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
mrosenberg@hartlinebarger.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, MARMAXX OPERATING CORP.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on November 1, 2021.

Justin M. Dean
Law Offices of Thomas J. Henry
521 Starr St.
Corpus Christi, Texas  78401
Via Email:  jdean-svc@thomasjhenrylaw.com


*/s/ Marshall G. Rosenberg*
Marshall G. Rosenberg