# EXHIBIT A

FILED
7/1/2021 1:20 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

## 2021CI13264

CAUSE NO. _____

| | | |
|---|---|---|
| **DEBORAH CHRONLEY** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **____TH JUDICIAL DISTRICT** |
| | § | |
| **TJX COMPANIES, INC. D/B/A** | § | Bexar County - 288th District Court |
| **MARSHALLS** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES DEBORAH CHRONLEY**, hereinafter referred to by name or as Plaintiff, and complains of **TJX COMPANIES, INC. D/B/A MARSHALLS**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.      Plaintiff **DEBORAH CHRONLEY** (SSN xxx-xx-x443) is an individual residing in Bexar County, Texas.

2.      Defendant **TJX COMPANIES, INC. D/B/A MARSHALLS** is a foreign company organized and existing under the laws of Massachusetts whose principal office is located at 770 Cochituate Road, Framingham, MA 01701 and may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as Defendant's agent for service because Defendant has not designated or maintained a resident agent for service of process in Texas.

## III.
## JURISDICTION & VENUE

4.      This Court has jurisdiction over the parties because the amount in controversy is within the

jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because

Defendant is conducting business in the State of Texas and Plaintiff is a resident of Texas.

5.      Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL

PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred

in Bexar County, Texas.

## IV.
## FACTS

7.      On or about October 2, 2019, Plaintiff **DEBORAH CHRONLEY** was a customer at

Defendant **TJX COMPANIES, INC. D/B/A MARSHALLS** establishment located at 5347 TX-

1604 Loop in San Antonio, Texas, and was seriously injured when she fell as a result of a ceiling

leaking water onto the shopping floor. At the time of Plaintiff's fall there were no warnings present

at the location of the water leak. Inadequate warning signs contributed to the safety and slip and

fall hazard. As a result, Plaintiff sustained injuries to her body, including but not limited to a torn

tendon of her elbow, as more fully set forth in the medical records of her treatment after this fall.

The unreasonably dangerous condition resulting from the lack of warning signs on the shopping

floor on Defendant's premises proximately caused Plaintiff's injuries and the need for the medical

treatment she subsequently received. Plaintiff **DEBORAH CHRONLEY'S** bodily injuries

occurred as a direct result of a fall that was proximately caused by the dangerous conditions

described above, which Defendant knew or, in the exercise of ordinary care, should have known

existed.

---

*DEBORAH CHRONLEY VS. TJX COMPANIES, INC. D/B/A MARSHALLS*
*Plaintiff's Original Petition*
*PAGE 2 OF 7*



**V.**

## CAUSES OF ACTION AGAINST
## DEFENDANT TJX COMPANIES, INC. D/B/A MARSHALLS

### A.    *PREMISES LIABILITY*

**8.**    On or about October 2, 2019, Defendant **TJX COMPANIES, INC. D/B/A MARSHALLS** were in possession of the premises located at 5347 NW, TX-1604 Loop, San Antonio, TX 78253, which forms the basis of this suit.  The Plaintiff was a customer at the Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant.  As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe.  However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe.  Defendant's breach of said duties proximately caused the injuries set forth herein.

**9.**    Specifically, Defendant did not safeguard the premises as set forth hereinabove.  Further, Plaintiff was injured because Defendant was negligent in:

   a) Failing to properly inspect and maintain the shopping floor in question to discover the dangerous condition.

   b) Failing to maintain the shopping floor in a reasonably safe condition;

   c) Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the shopping floor, i.e., no wet floor signs, no warning signs, tape or barriers;

   d) Failing to mop up the water in the middle of the shopping floor at-issue; and

   e) Failing to provide adequate wet floor signs;

---

*DEBORAH CHRONLEY VS. TJX COMPANIES, INC. D/B/A MARSHALLS*
*Plaintiff's Original Petition*
*PAGE 3 OF 7*

f) Failing to give adequate and understandable warnings to Plaintiff of the unsafe shopping floor; and

g) Failing to discover and clean the water in the unsafe shopping floor causing Plaintiff's violent fall within a reasonable time.

**10.**     The Defendant's acts and/or omissions were negligence and the proximate cause of the incident and the Plaintiff's injuries and damages.

### B.     RESPONDEAT SUPERIOR

**11.**     At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous wet condition of the floor, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as occurred to Plaintiff. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

**12.**     Each and all of the foregoing acts and/or omissions of the agents, servants, and employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

### VI.
### DAMAGES

---

*DEBORAH CHRONLEY VS.* TJX COMPANIES, INC. D/B/A MARSHALLS
*Plaintiff's Original Petition*
*PAGE 4 OF 7*

**13.**     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **DEBORAH CHRONLEY** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**14.**     As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

**15.**      By reason of all of the above, Plaintiff **DEBORAH CHRONLEY** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

**16.**     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

**17.**     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

**18.**     Plaintiff **DEBORAH CHRONLEY** demands a trial by jury.  Plaintiff acknowledges

payment on this date of the required jury fee.

**IX.**
**DESIGNATED E-SERVICE EMAIL ADDRESS**

21.     The following is the undersigned attorney's designated E-Service email address for all e-

served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: jdean-

svc@thomasjhenrylaw.com . This is the undersigned's only E-Service email address, and service

through any other email address will be considered invalid.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be

cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the

Defendant in an amount within the jurisdictional limits of this Court, together with all pre-

judgment and post-judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited

to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;
9.     Physical disfigurement in the past;
10.    Physical disfigurement in the future;
11.    Pre-judgment interest; and
13.    Post-judgment interest.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600; FAX: (877) 513-1359



BY: _____
     Justin M. Dean
     STATE BAR NO. 24073664
     *email:  jdean-svc@thomasjhenrylaw.com
     ATTORNEYS FOR PLAINTIFF


*Service by this email address only

---

*DEBORAH CHRONLEY VS. TJX COMPANIES, INC. D/B/A MARSHALLS*
*Plaintiff's Original Petition*
*PAGE 7 OF 7*

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 21, 2021*

**MARY ANGIE GARCIA,**
**BEXAR COUNTY, TEXAS**

By: _____

DONNA STEIN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
7/23/2021 11:29 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Stephanie West
Bexar County - 288th District Court

Case Number: 2021CI13264

PRIVATE PROCESS

Deborah Chronley VS TJX Companies, INC.
(Note: Attached Document May Contain Additional Litigants)

IN THE 288TH DISTRICT COURT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  **TJX COMPANIES, INC. DBA MARSHALLS**
**BY SERVING THE TEXAS SECRETARY OF STATE**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **ORIGINAL PETITION** was filed **1st day of July, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT 19th day of July, 2021.

**JUSTIN M DEAN**
**ATTORNEY OF PLAINTIFF**
**521 STARR ST**
**CORPUS CHRISTI TX 78401-2852**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: /s/ Alexandra Johnson
Alexandra Johnson, Deputy

---

**DEBORAH CHRONLEY VS TJX COMPANIES, INC.**

Case Number: 2021CI13264
288th District Court

### Officer's Return

I received this CITATION on the 20 day of July, 20 21 at 8:00 o'clock A M. and I executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION the date of delivery endorsed on it to the defendant TJX Companies Inc. DBA Marshalls person at the 20 day of July, 20 21 at 9:40 o'clock A M. at 1019 Brazos St, Austin Qu or ( ) not executed because State

Fees: _____  Badge/PPS #: PSC 16575  Date certification expires: 04/31/2023

By: Christian Amaver Gonzalez  Travis County, Texas

OR: VERIFICATION OF RETURN (if not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

Oft: My name is Christian Amaver Gonzalez my date of birth is 01/30/1999 and my address is P.O. Box 12651 Astin Tx 78711 County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the 20 day of July, A.D. 2021.

Christian Amaver Gonzalez
Declarant

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 21, 2021*

**MARY ANGIE GARCIA,**
**BEXAR COUNTY, TEXAS**

**By:**

DONNA STEIN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

Case Number: 2021CI13264                    Document Type: CITATION/RETURN OF SERVICE

FILED
10/6/2021 4:50 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 288th District Court

### CAUSE NO. 2021CI13264

| | | |
|---|---|---|
| DEBORAH CHRONLEY | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| TJX COMPANIES, INC. D/B/A | § | |
| MARSHALLS | § | 288TH JUDICIAL DISTRICT |

### DEFENDANT MARMAXX OPERATING CORP. INCORRECTLY NAMED AS THE TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS DOING BUSINESS AS MARSHALL'S VERIFIED DENIAL AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT MARMAXX OPERATING CORP. INCORRECTLY NAMED AS THE TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS DOING BUSINESS AS MARSHALL'S, (hereinafter referred to as "MARMAXX" and/or "Defendant"), Defendant in the above-entitled and numbered cause, and files this Verified Denial and Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show unto the Court and Jury as follows:

### I.
### VERIFIED DENIAL

1.1    Pursuant to Rule 93, MARMAXX denies it is liable to Plaintiff in the capacity in which it has been sued. Tex. R. Civ. P. 93.

1.2    Based on the foregoing, Defendant asserts that there is a defect of parties.

### II.
### GENERAL DENIAL

2.1    Proper service of process on Defendant was not obtained by Plaintiff.

2.2    Subject to such stipulations and/or admissions as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant as is required by the Constitution and laws of the State of Texas.

2.3     Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

## III.
## AFFIRMATIVE DEFENSES

By way of further defense, if such be necessary, Defendant asserts the following:

3.1     Defendant invokes the comparative and proportionate responsibility provisions of the Texas Civil Practice & Remedies Code, § 33.001, *et. seq.*

3.2     Defendant would show that, at the time and on the occasion in question, Plaintiff and/or others beyond this Defendant's control failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was alternatively a proximate cause or a producing cause or the sole proximate or the sole producing cause of the incident in question and any alleged injuries and damages stemming therefrom.

3.3     Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible, including, but not limited to, Plaintiff.

3.4     Defendant would show that Plaintiff's alleged injuries and damages were the result, in whole or in part, of a new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by Defendant.

3.5     Plaintiff's recovery of medical expenses, if any, is limited and subject to the restrictions set forth by Section 41.0105 of the Texas Civil Practice and Remedies Code.

3.6     Plaintiff is not entitled to a recovery of damages for any medical condition and/or injury that resulted from a pre-existing and/or subsequent condition, or any other condition not

2

proximately caused by the occurrence in question.

3.7     Plaintiff also is not entitled to a recovery of damages, if any, that she failed to mitigate.

3.8     Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

3.9     Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

3.10    Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

3.11    In the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

## IV.
## JURY DEMAND

4.1     Defendant respectfully demands a jury for the trial of this matter, and hereby tenders the jury fee.

## V.
## DIRECTED COMMUNICATION

3

5.1     Forward all communications regarding this matter to Marshall G. Rosenberg at mrosenberg@hartlinebarger.com; Jane Haas at jhaas@hartlinebarger.com; Ilene Maley at imaley@hartlinebarger.com; and Catrina Edling at cedling@hartlinebarger.com. Failure to include all requested individuals referenced above in all communications, notices, and filings, shall be deemed inadequate service.

WHEREFORE, PREMISES CONSIDERED, **DEFENDANT MARMAXX OPERATING CORP. INCORRECTLY NAMED AS THE TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS DOING BUSINESS AS MARSHALL'S** prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged, and that it go hence with its costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/ Marshall G. Rosenberg*

Marshall G. Rosenberg
State Bar No. 12771450
mrosenberg@hartlinebarger.com
Jane Haas
State Bar No. 24032655
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
**ATTORNEYS FOR DEFENDANT
THE TJX COMPANIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon

4

the parties listed below by the method(s) indicated on October 6, 2021

    Justin M. Dean
    Law Offices of Thomas J. Henry
    521 Starr St.
    Corpus Christi, Texas  78401
    Email:  jdean-svc@thomasjhenrylaw.com


                          */s/ Jane Haas*
                          Jane Haas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.



Catrina Edling on behalf of Marshall Rosenberg
Bar No. 12771450
CEdling@hartlinebarger.com
Envelope ID: 57950913
Status as of 10/8/2021 2:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin Dean | | JDEAN-SVC@THOMASJHENRYLAW.COM | 10/6/2021 4:50:30 PM | SENT |
| Ilene Maley | | imaley@hartlinebarger.com | 10/6/2021 4:50:30 PM | SENT |
| Catrina Edling | | cedling@hartlinebarger.com | 10/6/2021 4:50:30 PM | SENT |
| Jenni Fann | | jfann@hartlinebarger.com | 10/6/2021 4:50:30 PM | SENT |

Associated Case Party: TJX Companies, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marshall Rosenberg | | mrosenberg@hartlinebarger.com | 10/6/2021 4:50:30 PM | SENT |
| Jane Haas | | jhaas@hartlinebarger.com | 10/6/2021 4:50:30 PM | SENT |

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 21, 2021*

**MARY ANGIE GARCIA,**
**BEXAR COUNTY, TEXAS**

By:

DONNA STEIN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
10/28/2021 1:31 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 288th District Court

Case 5:21-cv-01071-JKP   Document 1-1   Filed 11/01/21   Page 19 of 25

**CAUSE NO. 2021CI13264**

| | | |
|---|---|---|
| **DEBORAH CHRONLEY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **TJX COMPANIES, INC. D/B/A** | § | |
| **MARSHALLS** | § | **288TH JUDICIAL DISTRICT** |

**AMENDED VERIFIED DENIAL AND ANSWER OF DEFENDANT
MARMAXX OPERATING CORP. INCORRECTLY NAMED AS
TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS
DOING BUSINESS AS MARSHALLS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant  MARMAXX OPERATING CORP. INCORRECTLY NAMED AS TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS DOING BUSINESS AS MARSHALLS, (hereinafter referred to as "MARMAXX" and/or "Defendant"), Defendant in the above-entitled and numbered cause, and files this Amended Verified Denial and Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show unto the Court and Jury as follows:

**I.
VERIFIED DENIAL**

1.1     Pursuant to Rule 93, MARMAXX denies it is liable to Plaintiff in the capacity in which it has been sued. Tex. R. Civ. P. 93.

1.2     Based on the foregoing, Defendant asserts that there is a defect of parties.

**II.
GENERAL DENIAL**

2.1     Proper service of process on Defendant was not obtained by Plaintiff.

2.2     Subject to such stipulations and/or admissions as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations

against Defendant as is required by the Constitution and laws of the State of Texas.

2.3    Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

## III.
## AFFIRMATIVE DEFENSES

By way of further defense, if such be necessary, Defendant asserts the following:

3.1    Defendant invokes the comparative and proportionate responsibility provisions of the Texas Civil Practice & Remedies Code, § 33.001, *et. seq.*

3.2    Defendant would show that, at the time and on the occasion in question, Plaintiff and/or others beyond this Defendant's control failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was alternatively a proximate cause or a producing cause or the sole proximate or the sole producing cause of the incident in question and any alleged injuries and damages stemming therefrom.

3.3    Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible, including, but not limited to, Plaintiff.

3.4    Defendant would show that Plaintiff's alleged injuries and damages were the result, in whole or in part, of a new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by Defendant.

3.5    Plaintiff's recovery of medical expenses, if any, is limited and subject to the restrictions set forth by Section 41.0105 of the Texas Civil Practice and Remedies Code.

3.6    Plaintiff is not entitled to a recovery of damages for any medical condition and/or

2

injury that resulted from a pre-existing and/or subsequent condition, or any other condition not proximately caused by the occurrence in question.

3.7     Plaintiff also is not entitled to a recovery of damages, if any, that she failed to mitigate.

3.8     Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

3.9     Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

3.10     Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

3.11     In the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

## IV.
## JURY DEMAND

4.1     Defendant respectfully demands a jury for the trial of this matter, and previously tendered the requisite fee.

3

**V.**
**DIRECTED COMMUNICATION**

5.1     Forward all communications regarding this matter to Marshall G. Rosenberg at mrosenberg@hartlinebarger.com; Jane Haas at jhaas@hartlinebarger.com; Ilene Maley at imaley@hartlinebarger.com; and Catrina Edling at cedling@hartlinebarger.com. Failure to include all requested individuals referenced above in all communications, notices, and filings, shall be deemed inadequate service.

WHEREFORE, PREMISES CONSIDERED, **DEFENDANT MARMAXX OPERATING CORP. INCORRECTLY NAMED AS TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS DOING BUSINESS AS MARSHALLS** prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged, and that it go hence with its  costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/ Marshall G. Rosenberg*
_____
Marshall G. Rosenberg
State Bar No. 12771450
mrosenberg@hartlinebarger.com
Jane Haas
State Bar No. 24032655
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
**ATTORNEYS FOR DEFENDANT**
**MARMAXX OPERATING CORP.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on October 28, 2021

Justin M. Dean
Law Offices of Thomas J. Henry
521 Starr St.
Corpus Christi, Texas  78401
Email:  jdean-svc@thomasjhenrylaw.com

*<u>/s/ Jane Haas</u>*
Jane Haas

## CAUSE NO. 2021CI13264

| | | |
|---|---|---|
| **DEBORAH CHRONLEY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **TJX COMPANIES, INC. D/B/A** | § | |
| **MARSHALLS** | § | **288TH JUDICIAL DISTRICT** |

## VERIFICATION

STATE OF ___MA___ §

COUNTY OF ___Middlesex___ §

On this day, ___10/7/2021___ appeared before me, the undersigned notary public, and, after first duly sworn, stated that she is an authorized representative of MARMAXX OPERATING CORP. INCORRECTLY NAMED AS THE TJX COMPANIES, INC., ALSO INCORRECTLY NAMED AS DOING BUSINESS AS MARSHALLS, a Defendant in the above-entitled and numbered cause, that she has read the foregoing Verified Denial and Original Answer, and that the factual allegations stated in paragraphs 1.1 – 1.2 are with her personal knowledge and are true and correct.

_____
Signature

Paul Kangas
Printed Name

SWORN AND SUBSCRIBED before me, the undersigned Notary Public on October ___7___, 2021, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of ___MA___



KEVIN M KENNEDY
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires On
March 23, 2023

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Catrina Edling on behalf of Jane Haas
Bar No. 24032655
CEdling@hartlinebarger.com
Envelope ID: 58631426
Status as of 11/1/2021 10:05 AM CST

Associated Case Party: TJX Companies, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marshall Rosenberg | | mrosenberg@hartlinebarger.com | 10/28/2021 1:31:48 PM | SENT |
| Jane Haas | | jhaas@hartlinebarger.com | 10/28/2021 1:31:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Justin Dean | | JDEAN-SVC@THOMASJHENRYLAW.COM | 10/28/2021 1:31:48 PM | SENT |
| Jenni Fann | | jfann@hartlinebarger.com | 10/28/2021 1:31:48 PM | SENT |
| Ilene Maley | | imaley@hartlinebarger.com | 10/28/2021 1:31:48 PM | SENT |
| Catrina Edling | | cedling@hartlinebarger.com | 10/28/2021 1:31:48 PM | SENT |